1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DUTA ARAYA, an individual, | Case No. C25-1813-RSM |
| Plaintiff, | ORDER DENYING MOTION TO REMAND |
| v. | |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a foreign insurer doing business in the State of Washington, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Motion to Remand.  Dkt. #7.  Plaintiff argues for remand because "Defendant has not shown by a preponderance that the amount in controversy exceeds $75,000."  *Id*. at 1.  The Court has reviewed Defendant's response brief, Dkt. #9.  Plaintiff has not filed a timely reply brief.

Plaintiff filed this insurance case in King County Superior Court seeking compensation for special and general damages under Washington law and alleging UIM contractual benefits and extra-contractual claims, including IFCA/CPA, bad faith, negligence, and breach of contract.  *Id*.  Plaintiff's UIM policy limit is $50,000.  *Id*. at 2.  Defendant removed on diversity jurisdiction.  Dkt. #1.

When a case is filed in state court, removal is typically proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in

ORDER DENYING MOTION TO REMAND - 1

controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).  Typically, it is presumed "that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).

If it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).  In such a situation, the Court may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy.  *Id.*  "Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."  *St. Paul Mercury Indem.*, 303 U.S. at 289-90.

The Notice of Removal in this action indicates that there is diversity of citizenship and an amount in controversy that exceeds $75,000.  Dkt. #1.

The amount in controversy "encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018). This Court also considers statutory treble damages. *Briggs v. Serv. Corp Int'l*, 653 F. Supp. 3d 839, 843 (W.D. Wash. 2023). Attorney's fees, both present and future, are also included. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788 (9th Cir. 2018). So, too,

is the value of injunctive relief. *McCauley v. Ford Motor Co*, 264 F.3d 952, 958 (9th Cir. 2001). To establish the amount in controversy requirement, a defendant is permitted to rely on "reasonable assumptions" that are "founded on the allegations in the complaint." *Arias v. Residence Inn*, 936 F.3d 920, 925 (9th Cir. 2019). The IFCA statutory construction allows treble damages and attorney fees to successful claimants. *Perez-Crisantos v. State Farm Fire & Cas. Co.*, 187 Wn.2d 669, 672, 389 P.3d 476 (2017) ("IFCA also directs courts to grant attorney fees and authorizes courts to award triple damages if the insurer either acts unreasonably or violates certain insurance regulations").

Defendants argue, and the Court finds it is clear from the face of the allegations, that the amount in controversy here exceeds $75,000. The UIM policy limits plus the IFCA treble damages clearly exceed this amount. Plaintiff also alleges she is entitled to non-economic relief and attorney fees, which add to the amount in controversy. Removal was thus proper on the basis of diversity jurisdiction. The Court need not rule on tangential issues raised by the parties. The Court finds that an award of fees and costs is not necessary or appropriate at this time.

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Remand, Dkt. #7, is DENIED.

DATED this 29th day of October, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO REMAND - 3